UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY JONES | 3:06-cv-00558-PMP (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| JEFFREY PAVAO, *et al.*, | |
| Defendants. | December 13, 2007 |

This Report and Recommendation is made to the Honorable Philip M. Pro, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants Williams and Swartzbaugh's motion to dismiss (#23/24). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#23/24) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Ricky Jones ("plaintiff") is currently incarcerated in the custody of Wisconsin authorities (#26). When plaintiff commenced this action in 2006, he was incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#1, Exhibit A).[1] Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights (#17). Plaintiff names as defendants Brian Williams, Warden of Southern Desert Correctional Center ("SDCC"); Benjamin Swartzbaugh, SDCC

---

[1] Plaintiff originally filed this action in the Seventh Judicial District Court of the State of Nevada, in and for the County of White Pine (#1, Exhibit A). Defendants removed this action pursuant to 28 U.S.C. §§ 1441 - 1443 on October 18, 2006 (#1). Plaintiff filed his second amended complaint on March 16, 2007 (#17).

Correctional Officer; and Sergeant Jerger, SDCC Hearing Officer.[2] *Id.*

In count I, plaintiff alleges that on February 9, 2006, while he was housed at SDCC, defendant Swartzbaugh violated his First Amendment right to be free from retaliation. *Id.* Plaintiff alleges that after defendant Swartzbaugh found out about a grievance plaintiff had filed against him, defendant Swartzbaugh issued plaintiff a false notice of charges for sexual harassment. *Id.* In count II, plaintiff alleges that defendant Williams violated plaintiff's Fourteenth Amendment right to due process when he denied plaintiff's appeal, entered a false stipulation into the record, and altered documents to conceal evidence. *Id.* Plaintiff additionally alleges that defendant retaliated against him for appealing by increasing the sanction imposed at the disciplinary hearing from 120 days to 180 days.[3] *Id.*

On May 7, 2007, defendants filed their motion to dismiss (#23/24). On the same day, plaintiff filed a notice of change of address to the Racine County Jail, in Racine, Wisconsin (#26). On May 8, 2007, the court issued its standard order pursuant to *Klingele v. Eikenberry*, informing plaintiff of his rights and responsibilities in responding to dispositive motions (#25). The *Klingele* order was mistakenly sent to plaintiff at ESP; however, the Clerk of Court subsequently resent the order to plaintiff in Wisconsin (#27). The order was not returned after being sent to Wisconsin.[4] Plaintiff did not thereafter file an opposition to defendants' motion to dismiss. On October 25, 2007, this court *sua sponte* granted plaintiff one final extension of time until November 16, 2007 to file an opposition (#30). This order, which was sent to plaintiff at his Wisconsin address, was returned on November 26, 2007, marked "return to sender" and "not here" (#31). Plaintiff's last contact with this court was on May 7, 2007, when he informed the court of his change of address. To date, plaintiff has failed to file an opposition to defendants'

---

[2] Defense counsel notes that she represents only defendants Williams and Swartzbaugh, and states that defendant Jerger was never served (#24, p. 2). The court issued a separate order as to defendant Jerger (#32).

[3] Plaintiff's count III involves only defendant Jerger, who appears not to have been served; therefore, the court does not set out plaintiff's claims.

[4] Other orders were also mistakenly sent to plaintiff at ESP, and then resent to plaintiff in Wisconsin. *See* # 28 and #29. Neither of these orders was returned after being sent to plaintiff in Wisconsin.

motion to dismiss and has failed to file a new address with this court.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F. 3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). "As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (*quoting Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). However, Rule 12 provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b)(6). Notwithstanding this rule, "a motion to dismiss is not automatically converted into a motion for summary judgment whenever matters outside the pleadings happen to be filed with the court." *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 582 (9th Cir. 1983). Conversion to summary judgment is at the discretion of the court and the court must take some affirmative action before conversion is effected. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-44 (9th Cir. 2003).

///

3

### 2. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, __ U.S. __, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

///
///
///
///

4

## B. Analysis

### 1. Defendant Williams

Defendant Williams argues that plaintiff failed to exhaust his administrative remedies prior to filing his complaint (#24, pp.11-12).[5] The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Id.* at 741. The Supreme Court has strictly construed section 1997e(a). *Id.*, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

The NDOC grievance procedure is governed by A.R. 740 (#23, Exhibit D). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a first level formal written grievance appealing the informal grievance decision to the warden; and (3) a second level grievance appealing the first level grievance decision, which is decided by the Assistant Director of Operations. *Id.*

Plaintiff failed to exhaust his administrative remedies as to count II.[6] Defendants' undisputed evidence reveals that plaintiff's grievance regarding his March 31, 2006 hearing centers only on plaintiff's complaint that the hearing officer did not let his witness testify, and generally discusses plaintiff's view of the correct definitions of "assault" and "attempt." *Id.*,

---

[5] Defendants present evidence with their motion to dismiss; therefore, the court converts defendants' motion into a motion for summary judgment. Plaintiff was given notice that defendants' motion to dismiss could be treated as a motion for summary judgment, as the court issued a *Klingele* order on May 8, 2007 (#25).

[6] The evidence reveals that plaintiff exhausted his remedies as to counts I and III. *See* #23, Exhibit C, GRIEV 043-060 (count I) and GRIEV 061-075 (count III).

5

1  GRIEV 061-075. Review of plaintiff's other grievances reveals that plaintiff failed to file a
2  grievance regarding count II, in which plaintiff alleges that defendant Williams entered a false
3  stipulation into the record, altered documents to conceal evidence, and increased the sanction
4  against him in retaliation for plaintiff accessing the grievance process. *See generally* #23, Exhibit
5  C. Considering the size of plaintiff's grievance record, plaintiff clearly knows how to file a
6  grievance and follow through to complete the process. *Id.*

7  The Local Rules of Special Proceedings and Appeals, which pertain to prisoner cases,
8  states "The plaintiff shall immediately file with the court written notification of any change of
9  address. The notification must include proof of service upon each opposing party or the party's
10 attorney. Failure to comply with this rule may result in dismissal of the action with prejudice."
11 LSR 2-2. Further, Local Rule 7-2 states "The failure of an opposing party to file points and
12 authorities in response to any motion shall constitute a consent to the granting of the motion."
13 LR 7-2(d).

14 Plaintiff has failed to comply with Local Rule of Special Proceedings and Appeals 2-2.
15 Additionally, plaintiff consents to defendants' arguments pursuant to Local Rule 7-2(d). Since
16 plaintiff failed to exhaust his administrative remedies, the court grants defendants' motion to
17 dismiss as to defendant Williams and count II.

**2. Defendant Swartzbaugh**

19 In count I, plaintiff alleges that defendant Swartzbaugh retaliated against plaintiff for
20 filing a previous grievance against defendant Swartzbaugh by issuing plaintiff a false notice of
21 charges for sexual harassment (#17). Defendant Swartzbaugh argues that he did not retaliate
22 against plaintiff because plaintiff had never filed a grievance against him before he issued plaintiff
23 the notice of charges on February 9, 2006 (#24, p. 13).

24 Prisoners have a right to meaningful access to the courts, and prison authorities may not
25 penalize or retaliate against an inmate for exercising this right. *Bradley v. Hall*, 64 F.3d 1276,
26 1279 (9th Cir. 1995). A retaliation claim involves five elements: "(1) An assertion that a state
27 actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
28 conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

6

(5) the action did not advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2004). Retaliation claims must be evaluated in light of the deference accorded to prison officials. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The inmate bears the burden of pleading and proving the absence of legitimate correctional goals for the alleged retaliatory action. *Id.* at 806; *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).

Defendants' undisputed evidence reveals that on February 9, 2006, inmates were locked into their cells for approximately five minutes while maintenance was making some repairs in plaintiff's unit (#23, Exhibit B). Defendant Swartzbaugh affirms that plaintiff continuously pushed his emergency button; however, upon investigation, officers concluded there was no emergency. *Id.* When inmates were let out of their cells, plaintiff came to the unit control booth and yelled at defendant Swartzbaugh, who attempted to explain to plaintiff why he had been locked in his cell. *Id.* Plaintiff continued to argue, and then left the unit even though defendant Swartzbaugh told him not to leave. *Id.* Defendant Swartzbaugh followed plaintiff to the yard and handcuffed him, after which plaintiff began to make sexual comments. *Id.* The sexual comments continued while plaintiff was strip searched. *Id.* Plaintiff also made sexual gestures towards the officers and told them, "I am a cop killer." *Id.* Defendant Swartzbaugh then issued plaintiff a notice of charges. *Id.*

The February 9, 2006 notice of charges supports defendant Swartzbaugh's affidavit.[7] Moreover, defendant Swartzbaugh affirms that "at no time did I know of a grievance that Inmate Jones had written about me." *Id.* Defendant further affirms that he did not author a false notice of charges or retaliate against plaintiff. *Id.* A review of plaintiff's grievance record does not reveal any grievance against defendant Swartzbaugh prior to the February 9, 2006 incident. *See generally* #23, Exhibit C.

---

[7] The court notes for the record that there is evidence that defendant Swartzbaugh used profanity against plaintiff during the February 9, 2006 incident (#23, Exhibit C, DISC 070-072 and GRIEV 043-048). However, this is not relevant to whether defendant Swartzbaugh retaliated against plaintiff by issuing the notice of charges. The undisputed evidence clearly reveals that defendant Swartzbaugh had a legitimate penological reason for issuing plaintiff a notice of charges.

7

The court concludes that defendant Swartzbaugh had a legitimate penological reason to issue plaintiff a notice of charges; thus, there was no retaliation. Additionally, pursuant to Local Rule 7-2(d), plaintiff consents to defendant's arguments. The court grants defendants' motion to dismiss as to defendant Swartzbaugh and count I.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff did not exhaust his administrative remedies as to count II. The court further concludes that the undisputed evidence reveals that defendant Swartzbaugh had a legitimate penological reason to issue plaintiff a notice of charges; therefore, defendant Swartzbaugh did not retaliate against plaintiff. As such, the court recommends that defendant's motion to dismiss (#23/24) counts I and II be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#23/24) counts I and II be **GRANTED**.

**DATED:** December 13, 2007.

_____
UNITED STATES MAGISTRATE JUDGE